**SO ORDERED.**

**SIGNED this 17 day of May, 2011.**



*Stephani W. Humrickhouse*
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| MACK L. THORPE, JR.<br>PAMELA LAMBERT THORPE | 11-00862-8-SWH |
| DEBTORS | |

### ORDER ALLOWING MOTION FOR SANCTIONS

The matter before the court is the motion filed by the debtors seeking sanctions against Bank of America, N.A. for violations of the automatic stay. A hearing took place in Raleigh, North Carolina, on April 20, 2011.

Mack L. Thorpe, Jr. and Pamela Lambert Thorpe filed a petition for relief under chapter 13 of the Bankruptcy Code on February 4, 2011. The debtors listed Bank of America as a secured creditor on Schedule D of their petition, as Bank of America holds a deed of trust on the debtors' residence. On February 24, 2011, Bank of America filed a motion for relief from the automatic stay to proceed with foreclosure on the subject property, and the motion was set for hearing on March 23, 2011. On March 17, 2011, however, Bank of America sent a contractor to perform a "lock-out," i.e., change the locks, at the debtors' residence. The male debtor was home when the contractor arrived at the property, recovering from one of several recent surgeries. After the male debtor

informed the contractor of the pending bankruptcy case, the contractor attempted to contact his supervisor but was unable to reach him. The contractor elected not to change the locks, but did assess the condition of the property by taking photographs both in and outside the house with the male debtor's acquiescence. The male debtor testified that he had an amicable conversation with the contractor, except that he was troubled when the contractor indicated that Bank of America would likely demolish the house prior to selling the property. The contractor testified that although demolition was discussed, he had not intended to imply that Bank of America had that course of action planned for the debtors' house. During the contractor's visit, the male debtor contacted his counsel, who in turn contacted counsel for Bank of America. Bank of America's counsel acknowledged that the attempted lockout was improper, and represented that he would advise Bank of America to cease such action immediately. Shortly thereafter, the contractor received confirmation that the lock-out should not be performed, and did not return to the property.

The debtors filed the present motion on March 23, 2011, seeking actual and punitive damages for Bank of America's violation of the automatic stay. The debtors maintain that Bank of American's actions were willful and caused them distress, anxiety and other emotional distress. Evidence was presented that the debtors incurred $1,500 in attorney's fees to prosecute this matter. Bank of America contends that it cured the improper action immediately, and that any anxiety or distress experienced by the debtors was not significant enough to warrant the imposition of damages or sanctions.

Section 362(k) provides that the court may award an individual debtor actual damages, including costs and attorney's fees, and in appropriate circumstances, punitive damages for a willful violation of the stay. Clearly, the attempted lockout violated the automatic stay. "The automatic

stay serves a crucial function in any bankruptcy case and willful violations under § 362(h) are serious matters warranting the mandatory imposition of sanctions that Congress has proscribed." In re Brock Utilities & Grading, Inc., 185 B.R. 719, 720 (Bankr. E.D.N.C. 1995).  There is no dispute that Bank of America's violation of the stay was willful.  Citizens Bank v. Strumpf (In re Strumpf), 37 F.3d 155, 159 (4th Cir. 1994), rev'd on other grounds 516 U.S. 16 (1995) ("To constitute a willful act, the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay."); see also In re Jones, Case No. 06-00380-8-RDD (Bankr. E.D.N.C. Jun. 27, 2007).  Bank of America clearly had notice of the bankruptcy and had already appeared in the case through a motion for relief from stay at the time that it commissioned the contractor to perform a lock-out at the debtors' residence.

Monetary damages may be awarded to compensate for actual emotional distress caused by a creditor's violation of the automatic stay.  See In re Kirkbride, Case No. 08-00120-8-JRL (Bankr. E.D.N.C. Nov. 19, 2010) (awarding damages of $10,000 for the debtors' embarrassment and humiliation upon receiving numerous calls and written demands from a creditor, as well as the creditor's failure to correct mistakes it caused on the debtors' credit reports).  Bank of America's actions caused the debtors significant distress and anxiety.  The male debtor had been sick, and was in the process of recovering from surgery when Bank of America's contractor unexpectedly arrived at his home.  The contractor candidly testified that had the male debtor not been at home, he would have changed the locks.  The female debtor testified that she had a continuing fear of losing her home.  The male debtor was afraid to leave the house to help with the debtors' business lest another similar mistake be made.  The debtors' fears intensified as a result of the male debtor's understanding that Bank of America might level the home.

Bank of America argues that the debtors' fears and thus their emotional distress were not reasonable and should therefore not form the basis of an award of actual damages. However, in North Carolina, "if the defendant's misconduct amounts to a breach of duty to a person of ordinary susceptibility, he is liable for all damages suffered by the plaintiff notwithstanding the fact that these damages were unusually extensive because of the peculiar susceptibility of the plaintiff." Poole v. Copland, Inc., 348 N.C. 260, 263-64 (1998). In other words, Bank of America must take the Thorpes as it found them. It is not unreasonable for a person of ordinary susceptibility to suffer significant emotional distress when faced with the loss of his home. These debtors faced the prospect of losing their home in a weakened state: the male debtor was recuperating from recent surgery and the female debtor had a history of anxiety. The court is convinced that the debtors suffered real emotional distress as a result of Bank of America's violation of the stay and will award actual damages in the amount of $5,000, plus attorney's fees of $1,500.

The court will not award punitive damages. The male debtor testified that the contractor was courteous and professional, immediately attempted to contact his employer, and took no further action to change the locks once advised of the bankruptcy. He took pictures of the debtors' home only with the male debtor's permission. Bank of America's counsel acted swiftly and appropriately once notified of the stay violation. Although the violation was willful, the circumstances do not warrant the assessment of punitive damages.

It is therefore **ORDERED THAT BANK OF AMERICA, N.A. SHALL PAY $5,000 IN DAMAGES TO THE DEBTORS, MACK L. THORPE, JR. AND PAMELA LAMBERT THORPE AT 501 NEW HILL OLIVE CHAPEL ROAD, APEX, NORTH CAROLINA 27502, AND $1,500 IN ATTORNEY'S FEES TO SASSER LAW FIRM, COUNSEL FOR THE**

**DEBTORS, AT 2000 REGENCY PARKWAY, SUITE 230, CARY, NC 27518 WITHIN 10 DAYS OF THE ENTRY OF THIS ORDER.**

**SO ORDERED**.

**END OF DOCUMENT**